IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES MORGAN,                    )
                                   )
          Plaintiff,               )
                                   )
          v.                       ) Civil Action No. 05-584 GMS
                                   )
NEW CASTLE COUNTY POLICE           )
DEPT., STATE OF DELAWARE, ET       )
AL, DET. TERESA A. WILLIAMS,       )
DET. J. TREADWELL,                 )
                                   )
          Defendant(s).            )

```
┌─────────────────────────┐
│        F I L E D        │
│   ┌─────────────────┐   │
│   │   SEP 2 6 2005   │   │
│   └─────────────────┘   │
│    U.S. DISTRICT COURT  │
│   DISTRICT OF DELAWARE  │
└─────────────────────────┘
```

**ORDER**

1.  The plaintiff Charles Morgan, SBI # 525805, a pro se litigant who is presently incarcerated, has filed this action pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  The plaintiff filed his request to proceed in forma pauperis without the required certified copy of his prison trust fund account statement pursuant to 28 U.S.C. § 1915(a)(2).

2.  On August 31, 2005, this Court granted the plaintiff leave to proceed in forma pauperis and ordered the plaintiff to provide a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the above-referenced complaint.  The plaintiff submitted the required documents on September 15, 2005.

3.  In evaluating the plaintiff's account information

pursuant to 28 U.S.C. § 1915(b)(1), the Court has determined that the plaintiff has an average account balance of $7.42 for the six months preceding the filing of the complaint.  The plaintiff's average monthly deposit is $44.61 for the six months preceding the filing of the complaint.  Accordingly, the plaintiff is required to pay an initial partial filing fee of $8.92, this amount being 20 percent (20%) of $44.61, the greater of his average monthly deposit and average daily balance in the trust fund account for the six months preceding the filing of the complaint.  **Therefore, the plaintiff shall, within thirty days from the date this order is sent, complete and return the attached authorization form allowing the agency having custody of him to forward the $8.92 initial partial filing fee and subsequent payments to the Clerk of the Court.  FAILURE OF THE PLAINTIFF TO RETURN THE AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE.  NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

4.     Upon receipt of this order and the authorization form, the Warden or other appropriate official at the Howard R.

Young Correctional Institution, or at any prison at which the plaintiff is or may be incarcerated, shall be required to deduct the $8.92 initial partial filing fee from the plaintiff's trust account, when such funds become available, and forward that amount to the Clerk of the Court.   Thereafter, absent further order of the Court, each time that the balance in plaintiff's trust account exceeds $10.00, the Warden or other appropriate official at Howard R. Young Correctional Institution, or at any prison at which the plaintiff is or may be incarcerated, shall be required to make monthly payments of 20 percent (20%) of the preceding month's income credited to the plaintiff's trust account and forward that amount to the Clerk of the Court.

        5.  Pursuant to 28 U.S.C. § 1915(g), if the plaintiff has had three or more actions dismissed by the Court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Court shall deny the plaintiff leave to proceed in forma pauperis in all future suits filed without prepayment of the filing fee, unless the Court determines that the plaintiff is under imminent danger of serious physical injury.

DATED: Sept 26, 2005

_____
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHARLES MORGAN,                    )
                                   )
          Plaintiff,               )
                                   )
     v.                            ) Civil Action No. 05-584 GMS
                                   )
NEW CASTLE COUNTY POLICE           )
DEPT., STATE OF DELAWARE, ET       )
AL, DET. TERESA A. WILLIAMS,       )
DET. J. TREADWELL,                 )
                                   )
          Defendant(s).            )

**AUTHORIZATION**

     I, Charles Morgan, request and authorize the agency holding
me in custody to disburse to the Clerk of the Court the initial
partial filing fee of $8.92 and the subsequent payments pursuant
to 28 U.S.C. § 1915(b) and required by the Court's order dated
Sept. 26_____, 2005.

     This authorization is furnished in connection with the
filing of a civil action, and I understand that the filing fee
for the complaint is $250.00.  I also understand that the entire
filing fee may be deducted from my trust account regardless of
the outcome of my civil action.  This authorization shall apply
to any other agency into whose custody I may be transferred.

Date: _____, 2005.


                         _____
                              Name of Plaintiff